UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERNEST .J. FROBESE, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-11549-GAO |
| | ) | |
| UNITED STATES JUSTICE DEPARTMENT, | ) | |
| ET AL., | ) | |
| Respondents | ) | |

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons stated below: (1) this case is deemed to be a habeas petition and not a civil action; (2) any request for monetary damages in this action is denied without prejudice; (3) Petitioner's request for appointment of counsel (contained in the petition) is denied; (4) if Petitioner wishes to file a civil action seeking monetary damages, he must file a separate civil action in compliance with Rule 8(a) of the Federal Rules of Civil Procedure, and he must either pay the $250.00 filing fee for civil actions, or file a completed Affidavit to Proceed Without Prepayment of Fees; and (5) this petition for writ of habeas corpus is dismissed in its entirety, without prejudice.

FACTS

On July 22, 2005, Petitioner Ernest J. Frobese, of Billerica, MA, filed a six page document entitled "Petition for Writ of Habeas Corpus" accompanied by payment of the $5.00 filing fee.[1]  This action was opened on the dockets of this Court as a habeas petition pursuant to

---

[1] A review of this Court's records reveals that Petitioner is no stranger to this Court. He has previously filed a § 2254 habeas petition, and civil rights actions. See Frobese v. U.S.A., et al, 1:00-cv-11785-JLT ( filed 08/28/00, closed 05/14/02); Frobese v. Commonwealth of Mass., et al 1:92-cv-12643-WGY (filed 11/04/92, closed 11/25/92); Frobese v. Commonwealth of

28 U.S.C. § 2241.

Frobese's six page petition is not entirely coherent or lucid.  In order to make sense of the pleading, the Court is required to fill in the gaps with speculation, and to disregard the stream-of-consciousness narration which recounts irrelevant and extraneous statements.  From what can be gleaned in the pleading, he denounces the deficiencies in the legal system, states his dislike of lawyers and distrust of judges, in general and with respect to his particular experiences with the legal system.

More specifically, he states that he seeks redress "from Malfeasance and Nonfeasance of your legal Colleagues denying me due process of law, Trial by Jury, Indictment by Jury and the return of unlawfully seized property and damages under the Civil Rights Act."  Petition (#1) at 1. He also seeks appointment of counsel to obtain and present witnesses.  Id.  Petitioner then recounts his first experience in this Court, before Judge Wozanski Jr. [sic].  He does not give any details as to his case, but makes specious allegations about the legal process (*e.g.,* that Judge [Wyzanski] "asked me if I believed in God and when I said I did He stated to Me that He was the closest thing to God that I would encounter on this earth and the Jury meant nothing..."; "the Judge had to be paid off...").  Id.

Frobese then makes further spurious claims about lawyers in general, claiming he and his family were victims of a legal system run by, and for, lawyers.  Id.  He then avers that the Constitution evolved "out of the actions of greedy Lawyers, of Massachusetts, Shays rebellion and attacks by farmers on Court Houses throughout the State..."  Id.  He then recites a quote

Mass. 1:95-cv-11141-RCL (filed 06/01/95, closed 06/09/95); Frobese v. Commonwealth of Mass., et al 1:99-cv-11225-JLT (filed 06/07/99, closed 11/15/00).

from the Constitutional Convention in Philadelphia to the effect that lawyers will swallow the poor illiterate people, "like the wail [sic] swallowed Jonah." Id. at 2.

Petitioner then recounts his personal complaints about the "government" failing to protect his life, liberty, and property.   While it is not entirely clear, it seems that his experience with the legal system may have arisen, in part, out of domestic disputes (divorce, child custody, and child support disputes).  He claims that in December 1981, his home and children were seized by the Chelmsford Police pursuant to an Order of the Lowell District Court, and that the Town of Chelmsford seized his wages, and that he was imprisoned for contempt of Court, on three occasions, without a trial or indictment against him.  Id.  He then claims the Family and Probate Court in Concord ordered him arrested and held until he signed over his house in Dracut. Id.  He claims the Internal Revenue Service seized his bank account after he complained in federal court.  Id.  His ex-wife sold the home and moved to Florida, and his children lived with him, but he claims the state would not "remove the pay attachment" and sent the children to Florida.  Id.

Years later, on December 4, 1994, Frobese was arrested by the Billerica Police and charged with sexually assaulting his eleven-year old granddaughter.  Id.  He claims the prosecutor issued press releases labeling him a pedophile and a threat to the community.  Id.  He claims this caused him to resign from his job as a firefighter, and that his mother had a stroke as a result of the charges.  Id.   It is unclear what happened with these charges, but Frobese contends that subsequently, he was arrested on the same charge, and held at the Billerica Police station without bail over the weekend, because the Judge wanted to teach him a lesson.  Id. at 3. Freebase claims he was found guilty and sentenced to two and a half years at the Billerica House

3

of Correction.  Id. at 4.  His motion for a mistrial or stay of execution pending appeal was denied.  Id.

It then appears that while he was in prison, Frobese's granddaughter sued him in a civil action, for the sexual assault, and she prevailed.  Frobese claims that $30,000 was seized from his checking account in collection on the judgment, and that he was evicted from the family homestead after a hearing in Boston Land Court, since his daughter held title to the property.  Id.

Frobese then states that early one morning (date not specified), the Billerica Police came to his home and demanded to search the property, and told him he had a week to vacate the premises. Id. at 4-5.  Frobese denied they had a warrant and refused to cooperate.  Id. at 5.  He claims the S.W.A.T. team broke down his door and attacked and beat him.  Id.  He appeared in Lowell District Court and he was appointed counsel and bail was set.  Id.   He then states that he was portrayed as a "Donta Hoady [sic] a delusional old man chasing windmills..."  Id.  He alleges he was sentenced to the Tewksbury State Hospital without a trial or indictment, and that he was forcefully medicated. Id.   It is unclear what happened in connection with those charges, but Frobese claims he was coerced into registering as a sex offender, and that he was re-sentenced to the Tewksbury Hospital.  He states: "Now that the charge of assault was mute [sic] they created another (Failure to register as a sex offender.)  This resulted in my arrest's [sic] by The [sic] Billerica Police on two occasions, and the State Police once enforcing an EX POST FACTO LAW."  Id.   He also claims his commercial drivers license and registration was thereafter suspended.  Id.

Finally, Frobese claims that "they" failed to prosecute him as a sex offender, so they arrested him on a frivolous charge of failure to restrain dogs, license them and pay fines.  Id. at

6.  He claims he does not own a dog.  <u>Id.</u>   He then states:

> You lawyers may call it hard ball.  I would call it racketeering,
> influence and corrupt organization and I move this Court to act in
> the appointment of a competent counsel to assist me in obtaining
> evidence and witnesses to a JURY for damages of one billion three
> million dollars for the FAILURE to protect me in my life, liberty
> and property.  Let me remind you that the Writ of Habeas Corpus
> (Blackstone's Common law or great writ of Liberty) can't be
> denied [it] must be presented to the Court immediately and is to
> take preference over all other business before the Court.

<u>Id.</u>

On September 26, 2005, Frobese filed a letter to the Clerk as an amendment to his writ of

habeas corpus, invoking a double jeopardy violation, and seeking an additional one million

dollars ($1,000,000).  He states:

> The failure of you Lawyers to act in a timely manner has resulted
> in my arrest on September 23 by the Billerica Police for the fourth
> time on the same charge.  I'm sure you don't need a degree from
> Harvard to know the bill of rights clearly states no one can be held
> to answer to the same crime twice.

Letter dated September 26, 2005.

ANALYSIS

I.      <u>The Court May Screen This Action</u>

Notwithstanding that Frobese paid the $5.00 fee for habeas petitions, the Court may

preliminarily screen this action, pursuant to the Rules Governing Section 2254 Cases in the

United States District Courts.  Rule 1(b) provides that the district court may apply these rules to

other habeas petitions .  Rule 4(b) provides for prompt examination of the petition by the Court,

and if it "plainly appears from the face of the motion...that the movant is not entitled to relief in

the district court," the court "shall make an order for its summary dismissal." Rule 4(b).

<u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994)(habeas petition may be dismissed if it appears to

5

be legally insufficient on its face).

A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; <u>Marmol v. Dubois</u>, 885 F. Supp. 444, 446 (D. Mass. 1994).  Here, Frobese's filing, styled as a habeas petition, is both factually and legally deficient, warranting *sua sponte* dismissal for the reasons set forth below.

II.     <u>Failure to Meet the "In Custody" Requirement</u>

First, assuming Frobese is seeking habeas relief (as addressed more fully below), he has not shown that he satisfies the "in custody" requirement for habeas relief under either 28 U.S.C. § 2241 or § 2254.[2]  The "in custody" language of these federal habeas statutes is jurisdictional. <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (*per curiam*); <u>Fernos-Lopez v. Figarella Lopez</u>,  929 F.2d 20, 23 (1st Cir. 1991).

Here, Frobese's custodial status is unclear.  His petition alleges: "Now that they failed to prosecute the sex offender charge they have arrested me again and <u>held me without bail</u> on a frivolous charge of failure to restrain dogs...."  Petition (#1) at 6 (emphasis added).   However, he also lists a mailing address and phone number in Billerica, Massachusetts, thus raising the inference that he has been released.  To confuse matters further, in a subsequently-filed letter dated September 26, 2005, he claims he "demanded [his] right to bail and it was granted."

---

[2]Section 2254 provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person <u>in custody pursuant to the judgment of a State court</u>."  28 U.S.C. § 2254(a) (emphasis added).  Thus, "[t]he first showing a § 2254 petitioner must make" is that he is 'in custody pursuant to the judgment of a State court.'" <u>Lackawanna County Dist. Atty. v. Coss</u>, 532 U.S. 394, 403-404 (2001) (quoting 28 U.S.C. § 2254).  For § 2241 relief, Petitioner must be in custody in violation of the Constitution, laws, or treaties of the United States.

Letter, dated September 26, 2005.[3]   Frobese therefore has not sufficiently shown that he meets the "in custody," requirement for habeas relief.  Moreover, based on the September 26th letter, it appears now that the habeas petition is moot in view of his release from custody.[4]   Based on the four corners of his pleadings, Frobese has not sufficiently set forth a claim that he is entitled to habeas relief by this Court.

     III.    <u>Failure to Plead Sufficient Facts to State a Claim for  Habeas Relief.</u>

In addition to the jurisdictional deficiencies raised by this petition, Frobese fails to comply with Rule 2(c) of the Rules Governing Section 2254.  Rule 2(c) requires that a habeas petition must specify all grounds of relief that are available to the petitioner, set forth in summary form the facts supporting each ground of relief, and be filed under the pains and penalties of perjury.  <u>Id.</u>   Although this Court does not require by local rule that habeas petitioners use any particular form for the petition, a habeas petition still must substantially comply with the requirements for form outlined in Rule 2 so that the Court may determine if there is any basis for habeas relief.  <u>See</u>, <u>e.g.</u>, <u>Goncalves v. Reno</u>, 144 F.3d 110, 113 (1st Cir. 1998).

---

[3]An internet records search indicates that Frobese is not in the custody of the Massachusetts Department of Corrections.

[4]It is still possible that Frobese may be able to satisfy the "in custody" requirement because a petitioner does not have to be in actual, physical custody.  <u>Jones v. Cunningham</u>, 371 U.S. 236, 240 (1963).  Rather, the requirement can also be satisfied where there are "other restraints on a man's liberty, restraints not shared by the public generally..." <u>Id</u>.  "[A]t the least there must be some type of continuing governmental supervision over the person." <u>Tinder v. Paula, SND</u>, 725 F.2d 801,803 (1st Cir. 1984).  <u>See</u> <u>Jones</u>, 371 U.S. at 242 (describing types of restraints on parolee).  In this case, however, Frobese has failed to provide sufficient information with respect to his custodial status which would permit this Court to make such determination.

Here, upon review of the pleadings, the Court finds Frobese has failed to satisfy the requirements of Rule 2(c).  While the petition is signed under the pains and penalties of perjury, it is unclear whether Frobese really intended to bring this action as a habeas petition at all, either under 28 U.S.C. § 2254 (challenging a state conviction or sentence), or under 28 U.S.C. § 2241, based generally on a challenge of unconstitutional detention as a pretrial detainee or otherwise. He claims violations of his right to "liberty" but does not specify what his claim is in this regard. Rather, it appears that Frobese intended to bring this action as a civil complaint (alleging due process violations under 42 U.S.C. § 1983) seeking monetary damages.

Treating this action as a habeas petition for the reasons stated below, the Court finds the petition is utterly devoid of any specific <u>factual</u> information relating to a request for habeas relief, including the place and date of any conviction(s), or other pertinent information.  Further, with respect to any claim for habeas relief, Frobese  fails to indicate whether the state criminal charges against him are pending or have been completed, or whether he has exhausted his state remedies before filing this action.   As noted above, Frobese's petition consists of six handwritten pages reciting, *inter alia*, extraneous historical information, prior criminal searches and seizures of his home (and children) in 1981, allegations concerning a prior criminal arrest in 1994 for sexual assault of his 11 year old granddaughter, other circumstances regarding other state criminal and civil proceedings, and commitment to a State Hospital.  In short, the petition fails to provide sufficient information to establish a cognizable claim for habeas relief, and, as pled, this petition is subject to *sua sponte* dismissal.

Accordingly, in light of the above, it is hereby ORDERED that this action shall be dismissed without prejudice.

IV.    The Court Will Not Construe This Petition as a Civil Action

      A.    A Party May Not Seek Both Release and
               Monetary Damages in a Habeas Petition

Although Frobese has styled this action as a habeas petition, and has paid the $5.00 filing fee levied on such cases (as opposed to the $250.00 filing fee for civil actions), it appears that he seeks both habeas relief and monetary damages in this action.[5]

Generally, a party only may challenge his custody through a habeas petition and may not also seek monetary relief. See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (prisoner challenging the very fact or duration of his physical imprisonment and seeking determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under habeas laws); Allen v. McCurry, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement."). Because Frobese has chosen to file this matter as a "Petition for Writ of Habeas Corpus," and has paid the fee for habeas petitions and not the fee for filing a civil action, and, because the Court does not deem Frobese's filing merely as a misnomer, this Court will consider this action only as a petition for writ of habeas corpus and not as a complaint seeking monetary relief. See Rasul v. Bush, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (construing mixed pleadings as

---

[5]As noted above, in his original filing, Frobese seeks counsel to assist him in prosecuting his claim for "one billion three million dollars for the FAILURE to protect me in my life, liberty and property." Petition (#1) at 6. In a letter to the Clerk dated September 26, 2005, he again references his petition for writ of habeas corpus, and seeks states "Please find for the record and presentment to the Court my amended complaint for redress by adding one million dollars." Letter dated September 26, 2005.

§ 2241 habeas petition; exclusive means of securing a writ of habeas corpus is through a habeas petition), aff'd sub nom. Al Odah v. United States, 321 F.3d 1134 (2003).  See also Bunn v. Conley, 309 F.3d 1002 (7th Cir. 2002) (suggesting that *sua sponte* conversion of cases from habeas petitions to civil actions, or vice versa, without notice to the litigant is improper and could be prejudicial).

B.    Frobese May File a Civil Action Subject to Restrictions

The construction of this action as a habeas action is without prejudice to any future attempt by Frobese to file a civil complaint in this district seeking monetary relief, provided, however, that such complaint complies with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.[6]  However, Frobese shall not be permitted to simply re-submit the pleadings in this action as an attempt to bring a new civil action, because such pleadings do not remotely comply with Rule 8(a) in that the pleadings fail to set forth any cognizable legal claims against any identifiable person or entity.  The also fail to set forth the "who, what, when, where, and why" type of information necessary to state a claim and to permit a defendant(s) to provide a meaningful response to the claims.

_____

[6]Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to nonexistent requirements." Id.  (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Moreover, the Court finds that the pleadings filed to date in this action contain highly inflammatory statements which are both argumentative and broad-sweeping, and as such, these claims may be deemed by this Court to be frivolous, vexatious, or abusive.   To permit Frobese merely to re-submit his pleadings as a new civil action would, in effect, sanction a Rule 11 violation by Frobese.[7]   In order to avoid this possibility, the clerk is directed to provide Frobese with a *Pro Se* Step By Step Guide, providing instructions for filing a civil action *pro se* in this Court.  The clerk shall also provide Frobese with a blank Application to Proceed *in forma pauperis.*

        C.      <u>Request for Appointment of Counsel</u>

In view of the dismissal of this action for the reasons set forth herein, Frobese's request

---

[7]Rule 11 provides for the signing of pleadings and other papers, and for representations to the Court and for sanctions.  Rule 11 (b) provides:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

for appointment of counsel to gather evidence and present witnesses (contained within the

petition) is denied.

CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1.    This case is deemed to be a habeas petition and not a civil action;

2.    Any request for monetary damages in this action is denied without prejudice;

3.    Petitioner's request for appointment of counsel (contained in the petition) is denied;

4.    If the Petitioner wishes to file a civil action seeking monetary damages, he must file a
      separate civil action in compliance with Rule 8(a) of the Federal Rules of Civil
      Procedure, and he must either pay the $250.00 filing fee for civil actions, or file a
      completed Affidavit to Proceed Without Prepayment of Fees; the clerk shall provide the
      Petitioner with a copy of the Pro Se Step By Step Guide for filing civil actions, and a
      blank Application to proceed *in forma pauperis* form; and

5.    This petition for writ of habeas corpus is dismissed in its entirety, without prejudice.

SO ORDERED.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2005